IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACK SEIFERT,

    Plaintiff,

vs.

JEAN HOWARD, et al.,

    Defendants.

CV F 05 0430 OWW WMW P

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

    Plaintiff is a former state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the original complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at the Sierra Conservation Center at Jamestown, brings this civil rights action against defendant individuals employed by the Department of Corrections at Jamestown. Plaintiff names as defendants the following individuals: Jean Howard, M.D.; Correctional Officer (C/O) Howard; C/O Clay.

    Plaintiff's sole claim in this complaint is that defendants were deliberately indifferent to a serious medical need. Plaintiff alleges that on March 20, 2003, he was seen by a podiatrist, who issued a soft-shoe chrono to plaintiff. Plaintiff alleges that on May 6, 2003, he was advised by correctional officers Mason, White and Von Savoye that tennis shoes were not

allowed.  Plaintiff is, however, allowed to wear canvas slippers.  Plaintiff specifically alleges that "Dr. Jean Howard made her determination that I could wear canvas slippers even though it is not true and not consistent with my chrono." [1]

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference."  First, a court must examine whether the plaintiff's medical needs were serious.  See Id.  Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment."  Id. at 1132.

Here, plaintiff has failed to allege facts sufficient to state a claim for relief.  Specifically, it is unclear, from the factual allegations included in the complaint, whether canvas slippers were authorized.  That plaintiff may have been prohibited from wearing tennis shoes does not, of itself, constitute deliberate indifference.

Further, plaintiff does not allege any facts indicating that he suffered actual injury.  In a constitutional tort, as in any other, a plaintiff must allege that the defendant's actions caused him some injury.  See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 285-87 (1977).  ANALYSIS  Moreover, plaintiff has not alleged that he suffered emotional or physical harm as a result of defendants' conduct.  The PLRA states that "[n]o Federal civil

---

[1] Plaintiff attaches several exhibits to his complaint.  While the court does not consider the exhibits in assessing whether the complaint states a claim for relief, the court does note the following.  The determination made at the Director's Level of review noted that: "the appellant's foot condition has been evaluated by medical staff at Sierra Conservation Center (SCC).  Dr. Jean Howard, Health Care Manager, determined that the appellant can wear the canvas slip-on shoes where necessary.  The appellant's request to wear his tennis shoes anywhere at SCC is denied pursuant to SCC regulations."

action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Because plaintiff has failed to allege facts sufficient to state a claim for relief, the complaint must be dismissed. Plaintiff will, however, be granted leave to file an amended complaint. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:    June 27, 2005**             **/s/  William M. Wunderlich**
mmkd34                                   UNITED STATES MAGISTRATE JUDGE